**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ALEXSANDER PEREZ MORALES,<br><br>Petitioner,<br><br>v.<br><br>VERNON LIGGINS, *et al.*,<br><br>Respondents. | ) <br> ) <br> )   Civil Action No. 1:26-cv-00898-LKG <br> ) <br> )   Dated: March 6, 2026 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

On March 3, 2026, the Petitioner filed the petition for a writ of habeas corpus, in the above-captioned civil matter. ECF No. 1. On March 5, 2026, the parties filed a joint notice, stating that the parties stipulate that the facts in this current habeas petition do not differ in any material fashion from those in *Velasquez v. Noem*, No. 25-cv-3215- GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025), ECF No. 8 and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, ECF Nos. 13, 14. ECF No. 5 at 1.

In light of the foregoing, the Court:

(1) **GRANTS-in-PART** the Petitioner's petition for writ of habeas corpus (ECF No. 1) and incorporates into the record of this case the Respondent's arguments from the matters *Velasquez v. Noem*, No. 25-cv-3215- GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025), ECF No. 8 and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, ECF Nos. 13 and 14; and

(2) **ORDERS** that:

    a. The Respondents are **ENJOINED** from detaining the Petitioner pursuant to 8 U.S.C. § 1225(b).

    b. The Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing consistent with 8 C.F.R. § 236.1(d), 8 C.F.R. § 1003.19 and 8 C.F.R. § 1236.1(d).

c. **On or before March 18, 2026**, the Respondents shall provide an initial determination by an immigration officer on the Petitioner's bond or detention under 8 U.S.C. § 1226(a).

d. If the immigration officer does not release the Petitioner on a bond, the Respondents shall arrange for the Petitioner to receive, **on or before March 18, 2026**, a bond hearing before an immigration judge, at which he can be represented by his present counsel, in an Immigration Court with jurisdiction, or with administrative control, over the Petitioner's detention.

e. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and the Respondents shall provide the Petitioner with any other process due to him under these provisions.

f. If the Petitioner is not released on bond by an immigration officer, or provided with a bond hearing before an immigration judge, **on or before March 16, 2026**, the Respondents shall release the Petitioner from custody. If released, the Petitioner may be subject to conditions, including a requirement that he appear at a bond hearing at the Immigration Court in Baltimore, Maryland or Hyattsville, Maryland.

IT IS FURTHER ORDERED that the Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this Order

**IT IS FURTHER ORDERED** that the parties shall **FILE** a joint status report on or before **March 23, 2026**, to confirm whether the Respondents have provided the Petitioner with a bond hearing; if the Petitioner has not been released from custody, the Respondents shall state whether and when a bond hearing was held in accordance with this Order and shall further inform the Court of the grounds for the immigration judge's decision; and, if the Petitioner has been released or otherwise received the relief sought, the parties shall so advise the Court and, if appropriate, file a notice of dismissal.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge